Evans v. Stevens, et al.

---

## EVANS, USE, &c. v. STEVENS, ET AL.

1. The Circuit Court has no original jurisdiction of a summary proceeding by motion against a constable for failing to return an execution. The statute only authorizes the motion to be made before the justice of the peace issuing the execution.

Writ of Error to the Circuit Court of Barbour.

Evans, v. Stevens, et al.

THIS suit was commenced in the Circuit Court, after notice by motion of Evans, and is against Stevens for failing as a constable *to return* an execution placed in his hands, to be levied at the suit of Evans against one Commander. The amount of the execution, at the time of the motion, including interests, costs and damage, exceeded fifty dollars. After the plaintiff had closed his proof, the Court, without any motion being made therefor, dismissed the cause for want of jurisdiction. This is now assigned as error.

P. T. SAYRE, for the plaintiffs in error, argued that this specific remedy is given *before a justice of the peace* by the statute. [Dig. 219, § 87.] But a justice of the peace has no jurisdiction of sums over fifty dollars, therefore in this case a justice could not proceed. Hence results the necessity for the Circuit Court to exercise the jurisdiction, as otherwise the plaintiff will be remediless.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—The legislation which authorizes summary proceedings against constables for neglect of duty in failing to return executions, in failing to make the money on them when they might do so by the use of diligence, and in failing to pay over money actually collected, is somewhat peculiar ; for it allows the pursuit of the remedy in the two last instances, in the Circuit or County Courts, when the sum in controversy, with the penalty, will exceed fifty dollars, and is silent as to those Courts when the motion is founded on the failure of the constable to return the execution. [Dig. 219, § 87 to 91.] As the several statutes inflict penalties as well as provide remedies, they must be strictly construed, and cannot properly be extended beyond the expressed intention of the legislature. In the present case the amount of the execution, with the costs and interest, will exceed fifty dollars, but the statute authorizes the motion only before the justice issuing the execution. [Ib. § 87.] It is supposed there will be a failure of jurisdiction, if the party cannot proceed in the Circuit or County Court, as the justice has no jurisdiction when the sum in controversy is more than fifty dollars ; but it will be seen the case is expressly provided for of the failure

to make the money, if it can be made by the use of diligence; and this shows that the recovery, when there is a failure to return, is a mere penalty; no injustice therefore is done by confining it to the Court which the legislature has provided; the more especially as the remedy allowed by the common law, of an action on the case is open to the party.

Judgment affirmed.